FILED 09 JUN 08 09:37 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA WHEELON,                          )
                                          )
                        Plaintiff,        )        Civil No. 08-466-JO
                                          )
            v.                            )        OPINION AND ORDER
                                          )
COMMISSIONER, SOCIAL SECURITY             )
ADMINISTRATION,                           )
                                          )
                        Defendant.        )

    Tim D. Wilborn
    WILBORN LAW OFFICE, P.C.
    P. O. Box 2768
    Oregon City, OR  97045

        Attorney for Plaintiff

    David R. Johnson
    L. Jamala Edwards
    SOCIAL SECURITY ADMINISTRATION
    Office of the General Counsel
    701 Fifth Avenue
    Suite 2900 M/S 901
    Seattle, WA  98104

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendant

JONES, Judge:

    Claimant Cynthia Wheelon seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").

    This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings.

ADMINISTRATIVE HISTORY

    Claimant filed applications for DIB and SSI on January 16, 2003, alleging disability since November 2, 2000. The applications were denied initially and on reconsideration. Claimant timely requested a hearing. The Administrative Law Judge ("ALJ") adjourned the first hearing, held September 13, 2005, to further develop the record. At the second hearing on December 16, 2005, claimant, represented by counsel, appeared and testified, as did her husband, a vocational expert ("VE"), and an impartial medical expert, Robert Nielsen, M.D. On June 28, 2006, the ALJ issued a decision denying claimant's applications. The ALJ's decision became the final decision of the Commissioner on October 6, 2008, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the insured status requirements of the Social Security Act through September 30, 2005. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520(a) and 416.920(a).

The ALJ first found that claimant had not been engaged in substantial gainful activity at any time relevant to her decision. Second, the ALJ found that claimant had severe impairments in the form of fibromyalgia, depression, and anxiety, but that her impairments, either singly or in combination, did not meet or medically equal any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. In so finding, the ALJ considered listings 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders).

In the next step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

3 - OPINION AND ORDER

> [T]o perform light work. She is able to lift 20 pounds occasionally, 10 pounds
> frequently, stand or walk for about six hours, and sit for about six hours during an
> eight hour work day, so long as she is able to change positions between sitting,
> standing, and walking during the day. With respect to her mental abilities, she can
> do at least unskilled work.

Tr. 19. In making that determination, the ALJ found that claimant's medically determinable

impairments could not reasonably be expected to produce her alleged symptoms, and that "[t]he

claimant's statements concerning the intensity, duration and limiting effects of these symptoms

are not entirely credible." Tr. 20.

The ALJ next determined, based on the VE's testimony, that claimant could not return to

her past relevant work. In the final step of the evaluation, again based on the testimony of the

VE, the ALJ found that claimant, a younger individual with at least a high school education and

an ability to communicate in English, could perform other jobs that exist in the national

economy, such as a charge account clerk, an addresser, or an office helper. Consequently, the

ALJ found that claimant was not disabled at any time from November 2, 2000, through the date

of the ALJ's decision. Tr. 23.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not,

therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant makes several arguments in favor of reversal and remand. These are that the

ALJ (1) improperly found claimant's temporomandibular joint ("TMJ") disorder to be non-

severe; (2) improperly rejected Dr. Pearson's assessment; (3) made an erroneous residual mental

functional capacity ("RFC") assessment; and (4) posed an invalid vocational hypothetical

4 - OPINION AND ORDER

question to the VE. For the reasons explained below, I agree with claimant that the ALJ failed to

properly assess claimant's TMJ disorder, which thus invalidates the RFC determination and the

vocational hypothetical and requires remand. In all other respects, I conclude that the ALJ

applied proper standards in handling the conflicting medical evidence, and properly incorporated

her finding that claimant had severe mental impairments in limiting claimant to unskilled work.

> The ALJ's entire discussion of claimant's TMJ is as follows:

>> Finally, the claimant has [TMJ]. The claimant had jaw surgery in the 1980s.
>> Magnetic resonance imaging ("MRI") of the claimant's temporomandibular joints
>> from November 2000 showed degenerative changes and sclerotic changes and
>> flattening of the articular surface, but no distinct TMJ. She has not pursued
>> treatment for this condition for several years. It was the medical expert's opinion
>> that the claimant's TMJ is controlled. There is no evidence to show that this
>> impairment causes significant vocational limitations. Thus, the undersigned finds
>> the claimant's TMJ is non-severe.

Tr. 19 (citations to record omitted). The problem with that finding is two-fold. First, the inquiry

at step 2 into what is or is not a "severe" impairment is "a de minimis screening device to dispose

of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996):

> An impairment or combination of impairments can be found "not severe" only if
> the evidence establishes a slight abnormality that has "no more than a minimal
> effect on an individual[']s ability to work."

Id. Here, the medical record establishes without question that claimant's TMJ presents

significantly more than a "slight abnormality," but leaves open the question of the effect of the

TMJ on her ability to work. And while claimant has not challenged the ALJ's credibility

determination,[1] that determination did not expressly consider or address claimant's testimony

---

[1]    And to the extent that credibility determination is at issue, except with respect to
claimant's headache testimony and records, I affirm the ALJ's credibility determination as based
on substantial evidence and appropriately explained.

5 - OPINION AND ORDER

concerning a common symptom of TMJ – headaches -- which reasonably can be expected to flow from claimant's particular condition and are documented in the medical record. Because her alleged frequent headaches, if proven, may result in an inability to perform substantial gainful activity, the headache evidence must be directly addressed.

In addition, even if the Commissioner ultimately concludes on remand that claimant's TMJ is not severe and does not cause headaches with the frequency that would render her disabled, the ALJ must nonetheless consider the combined effect of all claimant's impairments, including the TMJ, in assessing her ability to function. Smolen, 80 F.3d at 1290. In this case, having found the TMJ to be a non-severe impairment, the ALJ failed to take that impairment into account in considering the combined effect of all her impairments on her ability to function. See Smolen, id. Consequently, this case must be remanded for further proceedings to permit the Commissioner to re-evaluate claimant's TMJ both alone and in combination with claimant's other impairments in determining her RFC.

CONCLUSION

The decision of the Commissioner denying benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g)for further proceedings consistent with this opinion. Any other pending motions are denied as moot.

DATED this 4th day of June, 2009.

ROBERT E. JONES
U.S. District Judge